IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALAN OKPECHI (TDCJ No. 1941136), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-4413-P-BN |
| ANWAR BALOILI, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Alan Okpechi has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, until judgment is entered in this case. *See* Dkt. No. 5. Because Plaintiff – incarcerated when he filed his complaint – seeks redress from employees of a governmental entity and is proceeding *in forma pauperis*, his complaint is before the undersigned United States magistrate judge for screening under 28 U.S.C. §§ 1915A and 1915(e)(2). For the reasons stated below, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

On December 17, 2014, Plaintiff filed a complaint against medical employees of the Texas Department of Criminal Justice's Hutchins Unit pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. On December 22, 2014, the Court granted Plaintiff leave to proceed *in forma pauperis*, *see* Dkt. No. 5, and issued a questionnaire to determine the

factual basis of his allegations, *see* Dkt. No. 6; *cf. Johnson v. City of Shelby, Miss.*, 574 U.S. \_\_\_\_, 135 S. Ct. 346, 347 (2014) (per curiam) (a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e))).

The Court's questionnaire, which instructed Plaintiff that the "[f]ailure to provide answers to all questions may result in the dismissal of the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)," was to be completed and returned to the Court no later than January 23, 2015. Dkt. No. 6 at 1. Now, more than two months after that deadline – and more than three months after Plaintiff filed this action – the Court has neither received Plaintiff's responses nor otherwise been contacted by Plaintiff.

**Legal Standards and Analysis**

A district court has authority to dismiss a case *sua sponte* for want of prosecution. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d

1188, 1191 (5th Cir. 1992).

The Court must obtain additional information about the factual basis of this suit in order to screen the complaint to determine if process should be issued. By not responding to the Court's interrogatories, Plaintiff has prevented the screening necessary to allow this action to proceed. Thus, he has failed to prosecute his lawsuit and obey the Court's orders. As this Court has long recognized, Rule 41(b) dismissal of a lawsuit without prejudice is warranted under these circumstances. *See, e.g.*, *Abdul-Rahman v. Bank of America*, No. 3:14-cv-2365-M-BN, 2014 WL 5472442, at *1 (N.D. Tex. Oct. 29, 2014) (citing *Wiggins v. Management & Training Corp.*, No. 3:03-cv-1547-L, 2003 WL 22259080, at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003); *Champagne v. Zoley*, No. 3:08-cv-2264-D, 2009 WL 980138 (N.D. Tex. Apr. 10, 2009)).

The undersigned further concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

**Recommendation**

This case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). But if Plaintiff fully responds to the previously issued questionnaire within 14 days of the date of this recommendation, the Court should refer the case back to the undersigned magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 26, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE